IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHRISTOPHER JOEL ANDERSON and KALYN M. ANDERSON, <br><br> Plaintiffs, <br><br> v. <br><br> FREEDOM MORTGAGE CORPORATION and MTC FINANCIAL INC., d/b/a TRUSTEE CORPS, <br><br> Defendants. | Case No. 3:19-cv-388-JR <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued two sets of findings and recommendations in this case. On July 18, 2019, Judge Russo recommended that Plaintiffs' motion for partial summary judgment (ECF 30) be denied. On August 21, 2019, Judge Russo recommended that Defendant Freedom Mortgage Corporation's motion to dismiss (ECF 21) be granted in part and denied in part and that Plaintiffs' request for judicial notice (ECF 24) be denied. Plaintiffs filed timely objections, to which Freedom Mortgage Corporation ("Freedom Mortgage") responded. On November 19, 2019, the Court heard oral argument on Plaintiffs'

objections. After *de novo* review, the Court adopts Judge Russo's recommended dispositions of the pending motions for the reasons that follow.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court should review the magistrate judge's recommendations for "clear error on the face of the record."[1]

Regarding Plaintiffs' claim of intentional interference with economic relations, asserted only against Freedom Mortgage, Judge Russo correctly noted that one element of that common law tort requires that the alleged intentional interference be accomplished through either

---

[1] The Court accepts the background facts as stated by Judge Russo, although notes a typographical error. On the second full paragraph on page 4 of ECF 40 (and the fourth full paragraph on page 3 of ECF 35), the date December 28, 2019 should read "December 28, 2018."

improper means or for an improper purpose. For a purpose to be improper, the defendant's "purpose must be to inflict injury on the plaintiff 'as such.'" *N.W. Natural Gas Co. v. Chase Gardens, Inc.*, 328 Or. 487, 498 (1999) (citation omitted). No such allegation is made in the Second Amended Complaint. For a means to be improper, the "means must be independently wrongful by reason of statutory or common law, and include violence, threats, intimidation, deceit, misrepresentation, bribery, unfounded litigation, defamation and disparaging falsehood." *Douglas Med. Ctr., LLC v. Mercy Med. Ctr.*, 203 Or. App. 619, 634 (2006) (citation and quotation marks omitted). No such allegation is made. If, consistent with Rule 11 of the Federal Rules of Civil Procedure, Plaintiffs believe that they can allege intentional deceit or misrepresentation, as distinct from mere negligence, or other independently wrongful means, they may move for leave to file a Third Amended Complaint.

Regarding Plaintiffs' claim under Oregon's Unlawful Trade Practices Act ("UTPA"), the plaintiff must allege a violation of ORS 646.608(1), causation, and ascertainable loss. *Feitler v. Animation Celection, Inc.*, 170 Or. App. 702, 708 (2000). A loss that is merely threatened or fees and costs that have not yet been paid, however, not qualify as ascertainable losses under the UTPA. *Egbukichi v. Wells Fargo Bank, NA*, 184 F. Supp. 3d 971, 978 (D. Or. 2016). In Plaintiffs' Second Amended Complaint, Plaintiffs assert that they "have suffered an ascertainable loss" and seek actual damages of $2,764.87. ECF 18 at ¶¶ 71 and 75. Judge Russo noted that Plaintiffs do not allege any facts from which a court may conclude that Plaintiffs plausibly have suffered ascertainable loss caused by Freedom Mortgage's allegedly wrongful actions. If, consistent with Rule 11, Plaintiffs believe that they can allege such facts, they may move for leave to file a Third Amended Complaint.

Regarding Plaintiffs' claims of breach of contract and breach of the implied covenant of good faith and fair dealing, alleged against both Defendants, Judge Russo noted that Plaintiffs do not identify any relevant contract between Plaintiffs and Freedom Mortgage. Judge Russo explained that Freedom Mortgage was not a party to either the promissory note or the deed of trust at issue in this case. As alleged by Plaintiffs, in 2014, Plaintiffs borrowed approximately $205,000 from USA Direct Funding ("USADF") and signed a promissory note and deed of trust in favor of USADF. ECF 18, ¶¶ 8-12. As such, Plaintiffs' contract was with USADF, not with either Freedom Mortgage or MTC Financial Inc. ("MTC"). In their objections, Plaintiffs state that it is well settled that an agent who fails to disclose the identity of his principal at the time of entering into a contract with a third person may be held personally liable. In support, Plaintiffs cite, among other authorities, *Porter Const. Co. v. Berry*, 136 Or. 80, 90 (1931) ("The agent who acts within the scope of his authority, discloses his representative capacity to the third party, and makes the contract in his principal's name, is not personally liable thereon."). Although that appears to be a correct statement of law, it is inapplicable in this case. Plaintiffs entered into their contract (the promissory note and deed of trust) with USADF, not with an agent for an undisclosed principal.

Regarding Plaintiffs' claim against Freedom Mortgage under the Real Estate Settlement Procedures Act ("RESPA"), Plaintiffs have failed to identify a specific statutory provision or regulation providing a private right of action that Freedom Mortgage allegedly violated. In their objections, Plaintiffs concede that they did not specifically plead that they sent a qualified written request ("QWR") to a loan servicer (such as Freedom Mortgage), that Freedom Mortgage failed to respond to the QWR in a timely fashion, or as a result of Freedom Mortgage's failure to respond, Plaintiffs' have been damaged. *See* 12 U.S.C. § 2605(e)(l)-(2) (requiring loan servicers

to respond to QWRs). If, consistent with Rule 11, Plaintiffs believe that they can allege such facts, or any other facts that plausibly allege a violation of RESPA, they may move for leave to file a Third Amended Complaint.

Regarding Judge Russo's recommendation that Plaintiffs' motion for partial summary judgment be denied, Plaintiffs argue that because non-party Mortgage Electronic Registration Systems, Inc. ("MERS") is incorrectly identified on the trust deed as a beneficiary, the November 8, 2018 assignment must be declared invalid. On November 8, 2018, MERS, "as designated nominee for USA Direct Funding" (the beneficiary of the deed of trust) assigned the deed of trust to Freedom Mortgage. ECF 1-4. On November 21, 2018, Freedom Mortgage appointed MTC as successor trustee under the deed of trust. ECF 1-5. As Judge Russo noted, under Oregon law, MERS cannot be the beneficiary of trust deed. *See, e.g., Brandrup v. ReconTrust Co.*, 353 Or. 668, 689 (2013); *Niday v. GMAC Mortg., LLC*, 353 Or. 648, 659 (2013). Rather, the true beneficiary of a trust deed is the lender, not MERS; thus, any assignment by MERS made solely in a beneficiary capacity is invalid. *Brandrup*, 353 Or. at 707. This does not mean, however, that MERS' involvement in the lending process nullifies a deed of trust or otherwise prevents a non-judicial foreclosure. *See Olmstead v. ReconTrust Co., N.A.*, 852 F. Supp. 2d 1318, 1324 (D. Or. 2012) ("the mere fact that MERS was named as the beneficiary in the DOT does not invalidate the DOT or negate the trustee's ability to seek non judicial foreclosure if it complies with the statutory requirements"); *see also Nationstar Mortgage, LLC v. Peper*, 278 Or. App. 594, 596-98 (2016) (rejecting homeowner's argument that the deed of trust was unenforceable given MERS' wrongful designation as beneficiary thereunder and explaining "the original lender (and any successor) is the beneficiary notwithstanding what the deed of trust purports to designate") (emphasis removed). Further, as Judge Russo observed,

Plaintiffs have not cited to, and the Court is not aware of, any precedent setting aside or nullifying a deed of trust based only on MERS' improper designation as beneficiary. ECF 35 at 6.

As Judge Russo also correctly explained, if MERS was acting as the agent for the lender (the correct beneficiary) at the time of a challenged assignment, then non-judicial foreclosure may proceed. *See Niday*, 353 Or. at 664 ("even if MERS lacks authority to act as the trust deed's beneficiary, it may have authority to act on behalf of the beneficiary if it can demonstrate that it has an agency relationship with the beneficiary and that the agency agreement is sufficiently expansive"). MERS' capacity as the beneficiary's agent "depends on who succeeded to the lender's rights, whether those persons manifested consent that MERS act on their behalf and subject to their control, and whether MERS has agreed to so act." *Id*. For these reasons, Judge Russo correctly rejected Plaintiffs' argument that MERS' November 8, 2018 assignment was void. ECF 35 at 7. Because the assignment identified USADF as the true beneficiary, on whose behalf MERS was acting solely as nominee, whether that assignment is valid depends on whether MERS had the authorization of USADF to act in that agency capacity on behalf of USADF. Plaintiffs, however, did not base their motion for partial summary judgment on the argument that no evidence of MERS' agency authority existed. Thus, the Court adopts Judge Russo's recommendation to deny Plaintiffs' motion.

Finally, regarding Plaintiffs' request for judicial notice, Plaintiffs fail specifically to object to that portion of Judge's Russo's findings and recommendations. The Court has reviewed Judge Russo's analysis. The Court finds no clear error.

Plaintiffs' motion for partial summary judgment (ECF 30) is denied. Defendant Freedom Mortgage Corporation's motion to dismiss (ECF 21) is denied as to Plaintiffs' claim of

promissory estoppel and granted in all other respects. Plaintiffs' request for judicial notice (ECF 24) is denied. All that remains from Plaintiffs' Second Amended Complaint are Plaintiffs' claim of promissory estoppel against Freedom Mortgage and Plaintiffs' claim for declaratory judgment against both Defendants. If Plaintiffs believe that they can cure the defects specifically identified in this Order, Plaintiffs should be allowed to file a Third Amended Complaint.

**IT IS SO ORDERED**.

DATED this 19th day of November, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge